2000 OK 25

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Edward ENSLINGER, Respondent.**

**SCBD No. 4439.**

Supreme Court of Oklahoma.

April 4, 2000.

¶ 0 Order Approving Resignation from Oklahoma Bar Association Pending Disciplinary Proceedings.

---

¶1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the resignation of the respondent, Edward Enslinger, pending disciplinary proceedings, the application reveals:

1. On February 23, 2000, the respondent submitted his affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2. The respondent's affidavit of resignation reflects that: a

3. The respondent's affidavit of resignation reflects that he is aware of a Complaint filed against him with the Office of the General Counsel of the Oklahoma Bar Association. The Complaint alleges that the respondent: a it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation. failed to provide competent representation to his client; b) failed to abide by a client's decision concerning the lawful objectives of representation; c) did not act with due diligence and promptness in representing his client; d) did not keep his client reasonably informed about the status of his case, nor did the respondent explain the matter to the extent necessary to permit his client to make informed decisions regarding the respondent's representation; e) charged and collected fees without performing the services agreed to; f) failed to promptly notify his client that the respondent had received funds from a garnishment, and failed to deliver the funds to his client; g) did not make reasonable efforts to expedite litigation consistent with the interests of his client; h) engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; i) engaged in conduct prejudicial to the administration of justice; j) failed to apply money entrusted to him to the purpose for which it was provided; k) failed to respond to a grievance, and; failed to notify clients of his suspension from the practice of law and of his inability to represent them. Rules 1.1, 1.2, 1.3, 1.4, 1.5(a), 1.15(a)(b)(c), 1.16(d), 3.2, 8.1(a)(b), and 8.4(a)(c), Rules of Professional Conduct, 5 O.S.1991 Ch.1, App. 3–A. Rule 1.3, 1.4(b)(c), 5.2, and 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

4. On July 7, 1998, the respondent was suspended in SCBD# 4356 for nonpayment of his Oklahoma Bar Association Dues, and in SCBD# 4357 for noncompliance with Mandatory Continuing Legal Education Requirements.

5. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and it should be approved.

6. The official roster address of the respondent as shown by the Bar Association records is: P.O. Box 6824, Moore, Oklahoma 73153–0824.

7. No costs have been incurred by the Bar Association in the investigation of this matter.

8. The respondent acknowledges he may be reinstated only upon full compliance with the conditions and procedure prescribed by the Rules of Disciplinary Proceedings, which provides in Rule 11.1(b) that if any funds of the Client's Security Fund have been expended on behalf of an applicant, the applicant must show the amount paid and that the same has been repaid to the Bar Association to reimburse such Fund.

¶2 IT IS THEREFORE ORDERED, that the resignation of Edward Enslinger, pending disciplinary proceedings be approved.

¶3 IT IS FURTHER ORDERED, that the name of Edward Enslinger, be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal

business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or non-feasance of the respondent shall be a condition of the reinstatement.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3RD DAY OF APRIL, 2000.

¶5 All Justices concur.